UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL T. JONES, | |
| Plaintiff, | |
| -against- | 19-CV-9553 (LLS) |
| WESTCHESTER COUNTY; WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS; CORRECT CARE SOLUTIONS; DR. RAUL ULLOA; JOHN & JANE DOES 1-20, | ORDER TO AMEND |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Attica Correctional Facility, brings this complaint under 42 U.S.C. § 1983, asserting that in 2018, Defendants at Westchester County Jail were deliberately indifferent to his serious medical needs. He also asserts supplemental state law claims for medical malpractice, negligence, and intentional infliction of emotional distress. By order dated September 22, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

---

[1] On November 19, 2019, the Court dismissed this action for Plaintiff's failure to comply with a Court order directing him to pay the filing fees or submit an application to *proceed in forma pauperis* and a prisoner authorization form. Plaintiff thereafter moved to reopen this action and submitted the required forms, and the Court granted the motion to reopen.

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

On January 24, 2018, while Plaintiff was detained in the Westchester County Jail (WCJ), he slipped on a wet mop and fell down the stairs. (ECF 1 at 5.) Dr. Ulloa, the WCJ Medical Director, denied Plaintiff's request to be taken to an outside hospital; Plaintiff was told, either by Dr. Ulloa or someone else, that another inmate who had been sent to the hospital had merely been treated with Tylenol and a bandage. Plaintiff went to the jail clinic that evening and had an x-ray at the jail medical clinic the following day. The nurse at the clinic was concerned that Plaintiff might have damaged his Achilles tendon, and arranged for him to go to an outside hospital for an MRI or CAT scan.

At Westchester County Hospital, Plaintiff had another x-ray, and the doctor told Plaintiff his ankle was sprained. Plaintiff did not have an MRI or CAT scan, even though Plaintiff told the doctor that he was sent there for a potential Achilles tendon injury. Plaintiff contends that when he did not receive the requested MRI or CAT scan, he should have been "sent . . . back to the Westchester County Hospital ER to fulfill their duty of proper care." (*Id.* at 6.)

At some point, Plaintiff's ankle "had swollen way up in size," and he was given Naproxen, even though he told the nurse practitioner that this "did nothing" for him in the past. (*Id.*) Plaintiff's request for stronger pain medication was denied. (*Id.*)

According to documents attached to the complaint, as of April 2018, Plaintiff had been transferred to the custody of the New York State Department of Corrections and Community Supervision (DOCCS), where he remains. (*Id.* at 19.)

Plaintiff sues Dr. Ulloa, the County of Westchester, the Westchester County Department of Corrections, and Correct Care Solutions, which is the medical care provider at WCJ. Plaintiff

also names John and Jane Does 1-20, who he describes as employees of CCS or Westchester County Jail.[2]

## DISCUSSION

### A.      Westchester County Department of Corrections

Plaintiff names as a defendant the Westchester County Department of Corrections (DOC). Under New York law, municipal agencies or departments lack the capacity to be sued in the name of the agency. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Plaintiff's claims against Westchester County DOC are therefore dismissed and instead must be asserted against the County of Westchester, which he has already named as a defendant in this action.

### B.      Westchester County

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a

---

[2] Plaintiff attaches medical records from DOCCS, for treatment after he left Westchester County jail, but he does not appear to assert any claims arising during his incarceration in the custody of DOCCS or name any defendants employed by DOCCS.

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Here, Plaintiff alleges that the medical care he received when he slipped and fell at WCJ was inadequate, but he does not plead any facts about how a custom or policy on the part of Westchester County caused a violation of his rights. Plaintiff thus fails to state a claim under § 1983 against Westchester County. If Plaintiff files an amended complaint and repleads this claim, he must plead facts showing how a custom or policy on the part of Westchester County caused a violation of his rights.

## C.      Deliberate Indifference Claims

If Plaintiff was a pretrial detainee during the events giving rise to his claims, the Due Process Clause of the Fourteenth Amendment governs his § 1983 claims for constitutionally inadequate medical care. If he was a convicted prisoner, the Cruel and Unusual Punishments Clause of the Eighth Amendment governs his § 1983 claims. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979). Whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Id.*

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as . . . medical care." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether Plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32. A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. A correctional official's negligence is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Plaintiff contends that Dr. Ulloa failed to send him to the hospital on the day of his injury, and he did not go to Westchester County Hospital until the following day, when a nurse sent him. When a complaint alleges that treatment was provided, but it was inadequate, the seriousness inquiry is focused on the alleged inadequacy. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Thus, the relevant concern where a prisoner's claim is based on delay in providing medical treatment is not "the severity of the prisoner's underlying medical condition," but the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (explaining that HIV is an admittedly serious medical condition, but the jury was entitled to find that two episodes of missed medication (for a 5-day and a 7-day period) did not pose a significant risk of serious harm).

Courts have found unconstitutional deliberate indifference, for example, when "officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast degenerating' condition for three days; or delayed major surgery for over two years." *Sims v. City of New York*, 19-198-pr (2d Cir. Dec. 17, 2019) (quoting *Demata v. N.Y. State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999) (unpublished table decision); *see also Hathaway v. Coughlin*, 841 F.2d 48, 50-51 (2d Cir. 1988) (officials delayed arranging corrective hip surgery for over two years); *Archer v. Dutcher*, 733 F.2d 14, 16-17 (2d Cir. 1984) (officials deliberately delayed care as form of punishment for violations of discipline code or other invalid reasons). Plaintiff's allegations that Dr. Ulloa failed to send him immediately to an outside hospital for his leg injury and instead sent him to the jail clinic are insufficient to allege that Plaintiff faced a serious risk of harm from such delay. He also does not plead facts suggesting that Dr. Ulloa knew or should have known of a serious risk of harm to Plaintiff from such delay. Plaintiff therefore

fails to state a claim on which relief can be granted against Dr. Ulloa under § 1983 for deliberate indifference.

Next, Plaintiff alleges that medical personnel at the jail should have sent him back to Westchester County Hospital "to fulfill their proper duty of care" after the hospital doctor "declared [it a] 'sprained ankle.'" (ECF 1 at 6.)[3] Plaintiff's allegations that medical personnel employed by CCS or Westchester County should have disputed the outside doctor's diagnosis that he had a sprained ankle and sent him to the hospital again for an MRI or CAT scan suggest at most a "mere disagreement over the proper treatment" that does not rise to the level of a constitutional claim for deliberate indifference. *Chance*, 143 F.3d at 703 (holding that a "mere disagreement over the proper treatment" is not actionable under § 1983).

Lastly, Plaintiff contends that he requested stronger pain medication but did not receive it. Courts in this Circuit have routinely held that "[t]he decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs." *Rush v. Fischer*, No. 09-CV-9918, 2011 WL 6747392, at *3 (S.D.N.Y. Dec. 23, 2011; *see also Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (holding that prescribing Motrin rather than stronger pain medication to treat broken wrist, with no concomitant allegation of "a culpable state of mind," falls short of claim for deliberate indifference); *Reyes v. Gardener*, 93 Fed. App'x 283, 284 (2d Cir. 2004) (holding that alternative medical plan incorporating weaker pain medication to treat inmate was "mere disagreement over the proper treatment" that failed to state a claim under § 1983) (internal quotation marks omitted). Plaintiff's allegations

---

[3] It is unclear from the allegations of the complaint, if the John or Jane Doe defendants named in the caption refer to unidentified CCS or Westchester County medical personnel who declined to return Plaintiff to the hospital.

regarding his pain medication also fail to state a claim on which relief can be granted under § 1983 against any defendant.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under § 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the second amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and again amending his pleading to include the identity of any "John Doe" defendants before the statute of limitations period expires.[5]

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2018, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

[5] If Plaintiff seeks to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's claims against Westchester County DOC are dismissed because this entity lacks the capacity for suit, and Plaintiff therefore should not name the DOC as a defendant in his amended complaint.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-9553 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the claims under 42 U.S.C. § 1983 will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   September 25, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


                    -against-


_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)


**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name    Middle Initial    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City      State     Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6